IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
**KEITH PIERCE,** :
:
      Plaintiff, :   Case No.: 1:05-cv-01989 (RMU)
:
v. :
:
**THE HONORABLE R. JAMES** :
**NICHOLSON, SECRETARY, UNITED** :
**STATES DEPARTMENT OF** :
**VETERANS' AFFAIRS,** :
:
      Defendant. :
_____:

## REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to the rules of this Court, counsel in the above-styled matter submits this report regarding the issues discussed at their LCvR 16.3 Conference. A proposed Scheduling Order incorporating the parties' report is attached.

**I.    STATEMENT OF THE CASE**

Plaintiff has brought a complaint alleging unlawful discrimination in violation of Title VII and the Civil Rights Act of 1991. Plaintiff seeks compensatory and actual damages and attorney's fees and costs.

Plaintiff was discriminated against because of race (black), reprisal (prior EEO activity), age (over 40) and disability on October 21, 2004 when he was not selected for the re-announced position of Program Specialist (Lead Patient Advocate) GS-13.

Defendant contends that Plaintiff has no claim under Title VII, the Age Discrimination in Employment Act ("ADEA"), or the Rehabilitation Act. Specifically, Plaintiff is not a qualified

1

person with a disability under the Rehabilitation Act, and, to the extent that a non-selection took place in this case, it was based on legitimate non-discriminatory reasons.

**II.    RULE 16.3 REPORT**

1. <u>Status of Dispositive Motions</u>.  The Plaintiff does not believe that this action may be resolved by dispositive motion following discovery.  The Defendant believes that this case may be wholly or partially disposed of by dispositive motion following discovery.

2. <u>Amended Pleadings</u>: The parties do not at this time anticipate that it will be necessary to join third parties or amend the pleadings.

3. <u>Assignment to Magistrate Judge</u>:  The parties do not consent to assignment of this case to a Magistrate Judge for any purpose other than for mediation.

4. <u>Settlement Possibility</u>: The parties believe that mediation may prove fruitful in this matter following discovery.

5. <u>Alternative Dispute Procedures</u>: The parties believe that alternative dispute resolution in the form of mediation may prove fruitful in this matter following discovery.

6. <u>Dispositive Motions</u>: The Plaintiff believes that any dispositive motion should be filed within 45 days of the close of discovery, that any opposition to that motion should be filed within 30 days of the filing of the motion, and that any reply should be filed within 21 days of the filing of the opposition.  The Defendant believes that any dispositive motion should be filed within 60 days of the close of discovery, that any opposition to that motion should be filed within 30 days of the filing of the motion, and that any reply should be filed within 21 days of the filing of the opposition.

7. <u>Initial Disclosures</u>:  The parties agree to provide initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

8. <u>Discovery</u>.  The parties request 120 days in order to complete discovery.  The parties agree to limit the number of interrogatories to 25 per side.   The parties agree to limit the number of depositions to 5 per side.  The parties agree that they shall not commence discovery until after the initial scheduling conference has taken place.

9. <u>Experts</u>: The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.  Plaintiff agrees to name his experts and provide the Expert Report(s) within forty-five (45) days following the initial scheduling conference and the Defendant agrees to name its experts and provide the Expert Report(s) thirty (30) days thereafter.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:  The parties do not believe that bifurcation of this matter is necessary.

12. <u>Proposed Date for the Pretrial Conference</u>: Plaintiff believes that a pretrial conference should be scheduled at the initial scheduling conference.  Defendant believes that the date of the pretrial conference should be set following the resolution of dispositive motions.

13. <u>Trial Date</u>: Plaintiff believes that a trial date should be set at the initial scheduling conference.  Defendant believes that a trial date should be set at the pretrial conference.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN
DC Bar # 451058
United States Attorney


_____/s/_____
R. CRAIG LAWRENCE
DC Bar # 171538
Assistant United States Attorney


| _____/s/_____ | _____/s/_____ |
|---|---|
| Kathleen M. Konopka | Jimmy A. Bell, Esq. (Bar No. MD 14639) |
| Assistant United States Attorney | Law Office of Jimmy A. Bell, P.C. |
| U.S. ATTORNEY'S OFFICE | 9610 Marlboro Pike |
| 501 3d Street, N.W. | Upper Marlboro, MD  20772 |
| Washington. DC 20530 | (301) 599-7620 |
| (202) 616-5309 | (301) 599-7623 (Fax) |
| | Counsel for Plaintiff |