## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEITH PIERCE,                          )
                                       )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )          Civil Action No. 05-1989 (RMU)
                                       )
R. JAMES NICHOLSON, Secretary,         )
U.S. Department of Veterans' Affairs,  )
                                       )
                                       )
          Defendant.                   )
                                       )

## DEFENDANT'S MOTION FOR LEAVE TO FILE AND
## MOTION TO EXTEND DISCOVERY

Defendant R. James Nicholson, Secretary, U.S. Department of Veterans' Affairs, respectfully seeks leave of this Court to file this motion to extend discovery for an additional 60 days less than four business days prior to the currently scheduled closure on June 21, 2006. Undersigned has attempted to file this motion since June 12, 2006; however, daily phone calls to counsel for Plaintiff and his paralegal found that they were both out of the office for family reasons, and to undersigned's knowledge pursuant to a phone call this morning, still have not returned. Thus, there was no one available to undersigned to confirm Plaintiff's position on this motion. Defendant, however, believes that the motion is unopposed based on previous discussions, which undersigned sought to confirm last week, with Plaintiff's counsel's paralegal, indicating that Plaintiff would not oppose such a request for extension because Plaintiff had twice rescheduled the date for his deposition, thus, substantially delaying Defendant's ability to clarify items that required additional discovery. In support of this motion, Defendant states as follows:

Pursuant to the Court's Scheduling Order in this case, discovery is currently scheduled to close on June 21, 2006.  (Minute Order entered on February 21, 2006).

Defendant originally noticed Plaintiff's deposition on May 3, 2006.  Plaintiff, through counsel, agreed to this date.  On or about May 1, 2006, Plaintiff's counsel's paralegal called and indicated that they needed to reschedule this date, because counsel had a court hearing.  The deposition was rescheduled for May 10, 2006.  Plaintiff, through counsel, agreed to this date.  On or about May 8, 2006, counsel's paralegal again called to indicate that they would need to reschedule, this time because Plaintiff had a scheduling conflict.  Counsel's paralegal indicated that Plaintiff was unavailable for deposition until June.  Undersigned agreed to the second rescheduling pursuant to the paralegal's agreement that Plaintiff would consent to an extension of discovery if Plaintiff's deposition revealed the need for follow-up discovery.  Plaintiff's deposition was rescheduled and finally took place on June 7, 2006.

Plaintiff's deposition revealed information which requires follow-up discovery in the form of interrogatories and production of documents.  However, because of the more than one month lost to Defendant pursuant to Plaintiff's postponements of his deposition, Defendant does not have adequate time within the current discovery period to seek and receive this discovery.  It will greatly prejudice Defendant to lack this opportunity to follow-up and clarify statements made by Plaintiff.  Moreover, Plaintiff is not likely to be prejudiced by the extension: Plaintiff, through counsel's paralegal, agreed to such an extension because of their postponements of Plaintiff's deposition, and Defendant is prepared to attend and extend all reasonable efforts to settle the instant case at the scheduled mediation session on June 22, 2006, despite the fact that discovery will be ongoing.

Pursuant to Federal Rule of Civil Procedure 6(b), this Court has the discretion to extend the discovery period for "cause shown." Fed. R. Civ. P. 6(b). As explained by Judge Kollar-Kotelly, the District Court should extend the discovery deadline "if it cannot reasonably be met despite the diligence of the party seeking the extension." Dag Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 105 (D.D.C. 2005) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992); see also 3 Moore's Federal Practice § 16.14[b] (2003) ("[I]t seems clear that the factor on which courts are most likely to focus when making this determination is the relative diligence of the lawyer or lawyers who seek the change."); 3 Moore's Federal Practice § 16.14[b] (2003) (" 'Good cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party").

This precedent supports Defendant's request that he should be permitted to take an additional 60 day period within which to submit requests for and receive additional discovery from the Plaintiff.

WHEREFORE, Defendant respectfully requests that the discovery period in this case be extended to August 21, 2006. This, based on the current schedule, would result in dispositive motions being due on October 23, 2006, oppositions being due on November 24, 2006, and replies on December 8, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA, D.C. Bar #495257
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 616-5309