# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEITH PIERCE,              )
                              )
                              )
       Plaintiff,       )
                              )
      v.                )      Civil Action No. 05-1989 (RMU)
                              )
R. JAMES NICHOLSON, Secretary,   )
U.S. Department of Veterans' Affairs,  )
                              )
                              )
       Defendant.     )
                              )

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND REQUEST FOR CORRECTION OF THE RECORD

Defendant R. James Nicholson, Secretary, U.S. Department of Veterans' Affairs, respectfully opposes Plaintiff's motion to extend discovery. Defendant further requests correction of the record, specifically, the Court's October 24, 2006, Minute Order indicating that Plaintiff's Motion to Extend Discovery was consented to by Defendant. In support of this motion, Defendant states as follows:

1.      As an initial matter, undersigned counsel and her Office in general do not as a matter of course oppose requests for extension of time either to file pleadings or to engage in discovery, let alone file written oppositions to such motions or ask the Court to reconsider a granting of such motion. However, the egregious neglect in this case and the interests of judicial economy compel the instant opposition.

2.      On October 23, 2006, the closing date for discovery in the above-captioned case, at approximately 4:20 p.m., undersigned received a call from Plaintiff's counsel's paralegal requesting Defendant's position on a motion to take depositions out of time. Undersigned

indicated to the paralegal and later to counsel that Defendant opposed this motion.

3.      Defendant bases his opposition on the fact that discovery was originally scheduled to close in this case on June 21, 2006.  (Minute Order dated February 21, 2006).  On June 19, 2006, Defendant filed his only motion to extend discovery in this case.  (Docket #15).   As noted in that motion, Defendant was compelled to ask for the extension because Plaintiff and Plaintiff's counsel twice had called within two days of the scheduled deposition date of Plaintiff indicating a need to reschedule and that Plaintiff would not be available for deposition until June.  (Docket #15).  On this motion, discovery was extended for both parties until August 21, 2006.  (Minute Order dated June 19, 2006).

4.      On August 18, 2006, Plaintiff filed a motion to extend discovery.  (Docket #17). Defendant was consulted by counsel for Plaintiff regarding this motion who indicated that he was seeking the extension to take "one or two" depositions.  Defendant consented to this extension. On Plaintiff's motion, discovery was extended until October 23, 2006.  (Minute Order dated August 21, 2006).

5.      Between August 21, 2006, and the date of this filing, counsel for Plaintiff has made no attempt to consult undersigned counsel regarding dates for depositions, has failed to notice any deposition, and has not provided undersigned with any extenuating circumstances which would explain the delay.

6.      Discovery in this case has now extended over eight months.

7.      In accordance with this Court's Standing Order, Plaintiff correctly represented in his October 23, 2006, motion that Defendant opposed it.  (Docket #20).  Thus, the Court's October 24, 2006, Minute Order granting "the consent motion to extend discovery" is incorrect.

8.      Pursuant to Federal Rule of Civil Procedure 6(b), this Court has the discretion to extend the discovery period for "cause shown."  Fed. R. Civ. P. 6(b).  As explained by Judge Kollar-Kotelly, the District Court should extend the discovery deadline "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Dag Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 105 (D.D.C. 2005) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992); see also 3 Moore's Federal Practice § 16.14[b] (2003) ("[I]t seems clear that the factor on which courts are most likely to focus when making this determination is the relative diligence of the lawyer or lawyers who seek the change."); 3 Moore's Federal Practice § 16.14[b] (2003) (" 'Good cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party").

Defendant submits that Plaintiff has not shown due diligence in this matter.  Indeed, he provides no explanation as to why he has not even attempted to schedule the cited depositions in over eight months of discovery beyond an oblique reference to "scheduling conflicts."  (Docket #20).

WHEREFORE, Defendant respectfully requests that the Court reconsider its October 24, 2006, Minute Order in light of Defendant's opposition.  In the alternative, Defendant requests that the Court correct the record to reflect that Defendant opposed Plaintiff's October 23, 2006, motion to extend discovery, and augment that Order to include a correlative extension of 30 days for summary judgment motions, until January 22, 2007.  An proposed order consistent with this motion is attached.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA, D.C. Bar #495257
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 616-5309

4