

**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
Washington, DC 20420

## EEO COUNSELOR'S REPORT – Ms. Gwendolyn E. Evans
### CASE NUMBER: 2004-0688-2005100735

| | |
|---|---|
| NAME, ADDRESS AND TELEPHONE NUMBER OF AGGRIEVED PARTY | Mr. Keith B. Pierce |
| BUSINESS ADDRESS AND TELEPHONE NUMBER | VA Medical Center<br>50 Irving Street, NW<br>Washington, DC 20422<br>202-745-8655 |
| EMPLOYEE, FORMER EMPLOYEE OR APPLICANT | Employee |
| POSITION TITLE AND SERIES/GRADE<br>Title 5, Title 38 OR Hybrid T38<br>TYPE OF APPOINTMENT: Probationary, Career; Career-Cond; Temp; or Term<br>WORK SCHEDULE: Full-time or Part-time | Health Education Coordinator<br>GS 12<br>Career<br>Title 5<br>FullTime |
| ORGANIZATIONAL SERVICE/SECTION/ DIVISION AND TELEPHONE # | Planning Education & Performance Improvement<br>(202) 745-8655 |
| NAME AND ADDRESS OF RESPONSIBLE FACILITY | VA Medical Center<br>50 Irving Street, NW<br>Washington, DC 20422 |

| | |
|---|---|
| Date/Initial Contact: 12/6/2004 | Date/Initial Interview: 12/20/2004 |
| Date/Rights & Respon. Rec'd: 12/20/2004 | Date/Final Interview: 1/5/2004 |
| Date/Notice of Right to File: 1/5/2004 | Date/Right to File Rec'd: |

| BASIS(ES) | CLAIM(S) | RESOLUTION |
|---|---|---|
| Reprisal for Prior EEO Activity<br><br>Race (Black)<br><br>Age (49; 5/18/55)<br><br>Disability (80 % physical) | 1. Denied Request for Detail (1/23/2004)<br>2. Non-Selection ( Director, Office of Patient Advocacy, GS 13 (4/1/2004)<br>3. Non-selection (10/21/2004) | 1. Wants $300,00 for all damages arising from the agency's discriminatory conduct<br>2. Wants to be promoted to GS 13/2<br>3. Wants back pay as GS 13 |



GOVERNMENT EXHIBIT

A3

Case #:                          2004-0688-2005100735
Name of Aggrieved:               Mr. Keith Pierce
Name of Facility:                VA Medical Center, Washington, DC
Date of Initial Contact:         December 6, 2004

---

| Name of Representative: | Attorney: [ ] Yes [ ] No |
|---|---|

Representative's Address/Telephone #:

| | | |
|---|---|---|
| Did aggrieved party choose to remain anonymous? | [ ] Yes | [X] No |
| Mixed Case Issue: | [ ] Yes | [X] No |
| MSPB Filed | [ ] Yes | [X] No |
| Bargaining Unit Employee | [X] Yes | [ ] No |
| Union Grievance Filed: | [ ] Yes | [X] No |
| Was there an agreement to participate in ADR | [ ] Yes | [X] No |

---

**Initial Interview**:   December 20, 2004

The aggrieved party's rights and responsibilities were discussed to include the aggrieved party's right to anonymity and representation, and the role of the EEO Counselor. Information regarding the **Negotiated Grievance Procedure Notice, Rehabilitation Act-1414.203, Age Discrimination in Employment Act Notice (ADEA) were** sent. The claim(s) and resolution(s) described on page 1 of this report were presented by the aggrieved party as follows:

**Claim #1:   Denied Detail**

**Whether or not the aggrieved has been discriminated against by Ms. Terry Ross, Executive Officer on the basis of Reprisal for Prior EEO Activity, Age (5/18/55), Race (Black) and Disability (80%) when on, January 23, 2004 she denied his request for detail to the Lead Patient Advocate Position.**

   Mr. Piece reports that on January 23, 2004 he requested through Ms. Terry Ross, Executive Officer to the Medical Center Director, to be detailed into the Lead Patient Advocate position in the absence of Mr. Bill Sivley who was away on extended military duty. Mr. Pierce said he received a an e-mail response from Ms. Ross stating, "Management had made a decision to abolish the Lead Patient Advocate position and was to recruit for a Director, Office of Patient Advocacy at the GS-13 level, ultimately, denying his request to be detailed into the Lead Patient Advocate position.

Mr. Pierce said he did not file an EEO complaint at that time because it was his intent to ultimately obtain the position through the permit promotion system.

Case #:                2004-0688-2005100735
Name of Aggrieved:     Mr. Keith Pierce
Name of Facility:      VA Medical Center, Washington, DC
Date of Initial Contact: December 6, 2004

### Claim #2: Non-selection

**Whether or not the aggrieved has been discriminated against by Ms. Terry Ross, Executive Officer on the basis of Reprisal for Prior EEO Activity, Age (5/18/55), Race (Black) and Disability (80%) when on or about April 1, 2004 he learned he was not selected for the Lead Patient Advocate Position.**

Mr. Pierce said on March 8, 2004 he asked management why was there a decision to make the position a straight GS 13 instead of a GS 12/13 as before.. He asked about management's decision and indicated that at that point it was her decision. Mr. Pierce said she also mention that she wanted someone with who had experience analyzing and strategizing major medical center programs and he responded with his information about his experience in his e-mail to her about being detailed which included copies of his previous position description and newly revised position description, which replaced the Lead Patient Advocate position. Mr. Pierce said he became more suspicious about Ms. Ross' actions and intent when he was temporarily promoted to a GS 12 and detailed in the position previously.

Mr. Pierce said the new position was posted in-house on March 8, 2004 and he was the only one to apply for the position and since it was posted as a GS 13, he applied using his special hiring authority as a 30 % veteran. He received notice on April1, 2004 that he did not meet the time in grade restriction.

Mr. Pierce said he did not file an EEO complaint at this time because he was told by HR that the position would be posted for outside consideration so he waited and applied a second time.

### Claim #3: Non-selection

**Whether or not the aggrieved has been discriminated against by Ms. Terry Ross, Executive Officer on the basis of Reprisal for Prior EEO Activity, Age (5/18/55), Race (Black) and Disability (80%) when on October 21, 2004, he learned that he had not been selected for the Lead Patient Advocate Position (Merit Promotion Announcement # MCD 04-35), a second time.**

Mr. Pierce said after canceling the first position, it was reannounced and opened to out side candidates, which he made the list of eligible (Vacancy # MCD 04-35, Open April 2-Close April 23, 2004, Program Specialist, GS-0301-13/13). Mr. Pierce said Ms. Ross said to him, "You made the list, but I must be honest with you, the other five candidates are very qualified and I feel it will be difficult for you". Mr. Pierce reports that after he found out he was one of the two top candidates interviewed, Ms. Ross scheduled him for a second interview with her and Mr. Garfunkel. Mr. Pierce reports that he continued to send e-mails to Ms. Ross regarding the status of the selection and finally on

3

Case #:                  2004-0688-2005100735
Name of Aggrieved:       Mr. Keith Pierce
Name of Facility:        VA Medical Center, Washington, DC
Date of Initial Contact: December 6, 2004

September 14, 2004 Ms. Ross sent an e-mail back indicating that" she asked to have the position of Director of Patient Advocate Office reannounced to get a larger pool of individuals to have an opportunity to apply. Then on October 27, 2004 through e-mail Ms. Ross sent an email that Mr. Bill Sivley was returning to his position of record on a permanent basis and leaving Fiscal.

**Responding Management Official(s) Response(s) to Claim #1:**

**Ms. Terry Ross, Executive Officer, 202-745-8000 x 2253**

Ms. Ross said the Director of Patient Advocate position was never followed up on. Ms. Ross said when Mr. Bill Sivley went to military duty, his position was left open and Ms. Michelle Spivak was detailed into the position as the Lead Patient Advocate along with continuing her actual assigned duties as Director of Public Affairs.

Ms. Ross said a panel was convened to review, rank and rate the candidates. The decision came down to 2 people; Mr. Pierce was one of them. Ms. Ross said management decided to repost the position. However, Mr. Sivley upon his return from duty decided he would return to his old position and in September, 2004 the decision was made not to repost the vacancy.

Ms. Ross said she has only been with the VA since March, 2003 and when she came Ms. Spivak was detailed into Mr. Sivley's position. Ms. Ross said she did not tell Ms. Pierce that the position had been abolished because there was still someone in the position and that was Mr. Sivley and he was already a GS 13. Ms. Ross said Mr. Pierce applying or being detailed was before her time so she does not know anything about prior EEO complaints. Ms. Ross said neither Mr. Pierce's race, age nor disability had anything to do with the selection. She said Mr. Pierce feels that the selection process was not fair, but she does not know how much fairer it could be.

Ms. Ross said Mr. Pierce was clearly qualified and considered, but that did not mean he was the best candidate.

**Mr. Sandford Garfunkel, Medical Center Director, 202-745-8000 x 8100**

Mr. Garfunkel said he did not remember all the details surrounding Mr. Pierce applying for the Director of Patient Advocate position. What he knows is that Mr. Bill Sivley came back from his military obligation and went to Fiscal for a while and then he decided to go back to his old position as Lead Patient Advocate.

Mr. Garfunkel said from the interview he did not think Mr. Pierce was the best person for the job and he only sat on the interviews but was not the selecting official. Mr.

4

Case #: 2004-0688-2005100735
Name of Aggrieved: Mr. Keith Pierce
Name of Facility: VA Medical Center, Washington, DC
Date of Initial Contact: December 6, 2004

Garfunkel said Ms. Ross was the selecting official.

Mr. Garfunkel said he does not feel that Mr. Pierce has been harassed because, he does not remember the date, but Mr. Pierce went into a GS 12 position from a GS 11 position. Mr. Garfunkel said he does not feel that there was any reprisal regarding any prior EEO activity.

**Witness(es) Response(s):**

**Mr. Martin Wiseman, Chief of Business Office, 202-745-8000 x 8698**

Mr. Wiseman said he recalls Mr. Pierce interviewing for the position for he was a member of the panel. Mr. Wiseman said he had not heard about the results of the interviews. Mr. Wiseman said he received no further feedback. Mr. Wiseman said he recalls that Mr. Pierce interviewed well and there were 6 persons on the interviewing panel.

Mr. Wiseman said he feels the problem occurred when Mr.Sivley returned from military duty and wanted to return to his old position. Mr. Wiseman said he recalls that there was a female from New York that interviewed very well also and that would have been the only other person that would have been more qualified than Mr. Pierce.

Mr. Wiseman said the questions asked of all the candidates were all the same and his presentation was the same each time. He said all the panelist stuck to the same way of interviewing. Mr. Wiseman said he did not think that there was another candidate that out ranked Mr. Pierce. Mr. Wiseman said he does not feel that race, reprisal, disability or age was considered by any of the panelist to his knowledge.

**Mr. Earl Newsome, Health Systems Specialist, 202-273-5656**

Mr. Newsome said he was aware that back in December, 1999 Mr. Pierce applied for the first time for the position of Lead Patient Advocate but Mr. Sivley was selected and at that time was one of the 3 top candidates. Mr. Newsome said Mr. Pierce was the Acting Lead Patient Advocate when Mr. Sivley went on military duty. Mr. Newsome said Mr. Pierce informed him that his name was given as a reference but he was never called by anyone.

Mr.Newsome said Mr. Sivley returned from military duty and was detailed to Fiscal. Mr. Newsome said Mr. Sivley help write the PD for the GS 13 and was the Lead Patient Advocate for 5 years so he was familiar with all aspects of the position. Mr. Newsome said the position was a 11/12 when he first got it.

Mr. Newsome said he was on the panel when Mr. Sivley was hired now he hears that

Case #:                    2004-0688-2005100735
Name of Aggrieved:         Mr. Keith Pierce
Name of Facility:          VA Medical Center, Washington, DC
Date of Initial Contact:   December 6, 2004

the position that Mr. Pierce applied for was reannounced and then actions were stopped.

### Management's response to resolution sought by aggrieved:

Management feels that they did not want to continue recruiting for the Director Patient Advocate position and since Mr. Sivley wanted to return to his position, he resumed his position.

### Summary of resolution efforts:

Mediation through the Alternative Dispute Resolution (ADR) program was explained to the aggrieved party. The aggrieved was not willing to participate in mediation.

### Jurisdiction/Procedural Acceptability Issues:


### FINAL INTERVIEW

On **January 5, 2005** the results of resolution efforts and the following claim(s) was discussed with the aggrieved as follows:

Claim #1:   Denied Request for Detail - Patient Advocate Position

Claim #2    Non-Selection (Director of Patient Advocate Position)

Claim #3    Non-Selection (Director of Patient Advocate Position)

The aggrieved was informed of the information gathered and that the claim(s) listed above were the only claim(s) addressed during the informal EEO counseling and, if a formal EEO complaint of discrimination is filed, claims not discussed with me may not be accepted for formal complaint processing.

The Notice of Right to File a Discrimination Complaint and Form 4939 " were mailed on January 5, 2004.

_____        02/03/05
Ms. Gwendolyn E. Evans, EEO Counselor       Date

Documents Included in File:

6

Case #:                    2004-0688-2005100735
Name of Aggrieved:         Mr. Keith Pierce
Name of Facility:          VA Medical Center, Washington, DC
Date of Initial Contact:   December 6, 2004

1. A copy of Mr. Pierce's request to be detailed in Lead Patient Advocate positon
2. A copy of the 38 U.S.C. 4214;5 CFR regarding 30% or more Disable veteran's rights
3. Various e-mails back and forth to Ms.Ross about the selection process for the Director of Patient Advocate position.
4. The various position descriptions Mr. Pierce has had over the past several years
5. Request for personnel action regarding Mr. Pierce's promotion to GS 12
6. Letter of non-selection for the Program Specialist, GS 13 position
7. Vacancy announcement for Program Specialist position-MCD 04-23, GS-301-13
8. Copy of Mr. Pierce's OF 612
9. Precious documents regarding his previous EEO complaint.



**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
WASHINGTON, DC 20420

December 20, 2004

*In Reply Refer to*: 08D

Mr. Keith B. Pierce


Re: 2004- 0688-2005100735

Dear Mr. Pierce:

As we discussed, I will serve as your EEO Counselor in the matter you informally raised with this office on December 06, 2004 in regard to alleged discrimination by the VA Medical Center, 50 Irving Street, NW, Washington, DC. The allegation(s) is/are as follows:

    Basis (es):   (1) Reprisal for Prior EEO Activity, (2) Race (Black), (3) Age (5/18/55), (4) Disability (80% physical)

    Claim(s):   (1) Non-Selection, (2) Harassment

    Proposed Resolution(s): (1) Damages arising from the agency's discriminatory Conduct in the amount of $300,000, (2) Back pay as GS 13, (3) Promotion to GS 13/2

If this information is incorrect, please advise me within five days of receipt of this letter.

I am enclosing two copies of your Notice of Rights and Responsibilities. Please read this document carefully. Please sign both copies, as indicated by the "sign here tabs." Retain one copy for your records and return the *ORM copy* to the following address:

Office of Resolution Management (08D)
2300 Ramsey Street
Fayetteville, NC 28301
ATTN: Ms. Gwendolyn E. Evans

7

**Notice of Rights & Responsibilities – Mr. Keith B. Pierce – 2004-0688-2005100735**

Although we discussed my role as a counselor, I have enclosed a document entitled "Role & Responsibilities of the EEO Counselor." I hope you find it helpful in understanding the EEO process at the informal stage.

Should you have any questions or require additional information regarding the EEO process, please feel free to call me at (910) 482-5082

Sincerely,

Ms. Gwendolyn E. Evans
EEO Counselor

Enclosures (2)