JAN-20-2005 16:28      ORM FAYETTEVILLE NC VAMC                910 482 5092   P.01/04

# Department of Veterans Affairs — COMPLAINT OF EMPLOYMENT DISCRIMINATION

**1. NAME** (Last, first, middle initial): PIERCE, KEITH B.

**2. MAILING ADDRESS:** [redacted]

**3a. WORK TELEPHONE NUMBER:** [redacted]
**3b. HOME TELEPHONE NUMBER:** [redacted]

**4. ARE YOU:**
- [x] A VA EMPLOYEE
- [ ] AN APPLICANT FOR EMPLOYMENT
- [ ] A FORMER VA EMPLOYEE

**5a. JOB TITLE, SERIES AND GRADE:** GS-1701-12, HEALTH EDUCATION COORDINATOR
**5b. SERVICE/SECTION/PRODUCT LINE:**

**6. NAME AND ADDRESS OF VA FACILITY WHERE DISCRIMINATION OCCURRED:** VA MEDICAL CENTER, 50 IRVING STREET, NW, WASHINGTON, DC 20422

**INSTRUCTIONS:** For each employment related matter that you believe was discriminatory you must list the bases (list one or more of the following): Race (Specify), Color (Specify), Religion (Specify), Sex (Male or Female), Sexual Orientation, National Origin (Specify), Age (Provide date of birth), Disability (Specify), and Reprisal for prior EEO activity or having opposed discrimination.

**7. BASIS:**
1) REPRISAL
2) RACE
3) AGE
4) DISABILITY

**8. CLAIM(S):** SEE ATTACHED SHEET

**9. DATE OF OCCURRENCE:**

**10. REMEDIES SOUGHT:**
1) $300,000.00 FOR DAMAGES
2) PROMOTION TO GS-13 STEP 2
3) BACK PAY AS GS-13

**11a. DO YOU HAVE A REPRESENTATIVE?** [x] NO
**11b. IF "YES," IS HE OR SHE AN ATTORNEY?**
**11c. PROVIDE THE NAME, ADDRESS, AND TELEPHONE NUMBER OF YOUR REPRESENTATIVE:**

**12a. HAVE YOU CONTACTED AN EEO COUNSELOR?** [x] YES
**12b. NAME OF EEO COUNSELOR:** MS. GWENDOLYN E. EVANS
**12c. DATE OF INITIAL CONTACT WITH ORM:** 12-6-04

**13. NOTE:** If you contacted an EEO Counselor more than 45 calendar days after the Date(s) of Occurrence, listed in item 9, or if this complaint is filed more than 15 calendar days after receipt of a Notice of Right to File a Discrimination Complaint, you must explain why you were untimely in seeking EEO counseling or untimely in filing a complaint.

**14a. HAVE YOU FILED A UNION GRIEVANCE ON ANY CLAIM(S) LISTED ABOVE?** [x] NO
**14b. IF "YES," LIST THE CLAIM(S) AND DATE GRIEVANCE FILED:**

**15a. HAVE YOU FILED AN APPEAL WITH THE MERIT SYSTEM PROTECTION BOARD (MSPB) ON ANY OF THE CLAIMS LISTED ABOVE?** [ ] NO
**15b. IF "YES," LIST THE ISSUE(S) AND DATE MSPB APPEAL FILED:**

**16a. HAVE YOU FILED THIS COMPLAINT WITH ANYONE ELSE?** [x] NO
**16b. IF "YES," PROVIDE THE NAME AND ADDRESS:**

**17. SIGNATURE OF COMPLAINANT:** [signature]
**18. DATE:** 1-13-05

VA FORM NOV 1999(R) 4939

GOVERNMENT EXHIBIT 22

A4

January 7, 2005

TO: EEO Staffing Specialist

FROM: Keith B. Pierce

SUBJECT: EEO Case Packets

The purpose of this letter is to chronologically explain the EEO packets, which are the basis of my claim. There are three (3) separate packets containing enclosures pertaining to this case. The packets with the "Green A" and "Blue B" tabs are supporting documents that lead to the third packet which is the "Red C" in which my case is based. The order of sequences also follows in order with the green, blue and finally the red packets.

On January 23, 2004, I requested Through Ms Terry Ross, Executive Officer to the Medical Center Director, to be detailed into the Lead Patient Advocate position in the absence of Bill Sivley who was away on extended military duty (encl#1). Within the letter I listed all my credentials and accomplishments. I also provided a copy of the regulation that stipulated as an over 30% service connected disabled veteran, I had no time-in grade restrictions (encl#2) since Bill Sivley was a grade GS-13 and I was only a GS-11. Ms Ross e-mailed me a response stating, " Management had made a decision to abolish the Lead Patient Advocate position and was to recruit for a Director, Office of Patient Advocacy at the GS-13 level, ultimately, denying my request (encl#3). On March 8, 2004, I felt compelled to pursue the question why management decided to make the position a straight GS-13 instead of a GS-12/13 as before. Ms Ross now contradicts her initial e-mail stating she was not sure what I was referring to when I asked about management's decision. She stated at this point it was her decision, which made me a bit suspicious (encl#4). She also made mention in her e-mail she wanted someone who had experience analyzing and strategizing major medical center programs. I clearly indicated my experience with medical center programs in my request letter to be detailed. Included are copies of the previous position description (encl#5) and newly revised position description (encl#6), which replaced the Lead Patient Advocate position. It became even more suspicious since I had been temporarily promoted to GS-12 and detailed in this position previously (encl#7). It should also be noted Bill Sivley was recently placed back in the position of Lead Patient Advocate (which was Abolished) after the outcome of the final interviews (encl#8).

The Blue B packet contains the next set of enclosures. The new position was posted as an in-house job on March 8, 2004. I was the only one to apply for the position and since it was posted as a GS-13, I applied using my special hiring authority as a 30% disabled veteran. I received notification that I did not meet the time in grade restrictions (encl#9). I found this to be strange since the announcement clearly indicated persons with special hiring authority might apply (encl#10). A copy of my application packet sent to the staffing specialist, to include the letter requesting special hiring authority, is also included (encl#11).

Red Packet C contains the information that ultimately led to my filing this EEO complaint. After canceling the first position, it was re-announced and opened to outside candidates, which I then made the list of eligible candidates (encl#12). I am also including a copy of my application packet to the staffing specialist (encl#13). After making the certificate of eligible candidates, Terry Ross met with me while waiting on a scheduled meeting and informed me I had made the list. Instead of congratulation, she stated, "you made the list, but I must be honest with you. The other five candidates are very qualified and I feel it will be difficult for you". I felt this was strange she would make that statement. It almost appeared she was trying to discourage me concerning the position (encl#14). After the panel interview was completed, she made a similar remark this time in the presence of Michelle Spivak (encl#15). After finding out I was one of the two top candidates interviewed, Ms Ross scheduled me with a second interview with her and the Medical Center Director (encl#16). Enclosure #17 contains e-mail messages I initiated concerning the status of the selection. Finally, I was informed by Terry Ross that she had asked to have the position re-announced to have a larger pool of candidates apply (encl#18). I knew at this point it was intentional not to select me for the position, because Terry Ross had sent out an e-mail message five months prior to all the Patient Advocates, Social Workers and Public Affairs employees nationwide throughout the Department of Veterans Affairs soliciting applications for the announcement. She also included in the same e-mail message the link to click and retrieve the announcement (encl#19). I later learned (by rumor in the hallway) that Bill Sivley who had been on station at the medical center in Fiscal Service well prior to the interview process was placed back in his old position as Lead Patient Advocate (encl#20 and 21).

It is apparent it was intended not to detail or select me for the position. I feel, based on all the facts stated, this is directly due to my prior EEO activity. I'm also including in this packet a copy of the Society for Healthcare Consumer Advocacy (SHCA) of the American Hospital Association (AHA), which I'm responsible for implementing along with the other Board of Directors. I'm including this document, because Terry Ross made a statement in one of her e-mails she felt the Director of the Patient Advocate Office should have knowledge of strategic planning. The fact that I was elected to sit on the board of directors for this national organization representing Patient Advocates as well as Directors of Patient Advocacy nationwide only to receive this type of treatment at my own medical center clearly indicates there's more to it than just the non-selection.

I'm also sending a portion of my previous EEO Investigative Report with the testimony of my Medical Center Director where he indicated he brought in Michelle Spivak because he was not please with Bill Sivley's performance. Yet, Bill Sivley was placed back into a position that no longer existed. This plainly reveals management's intention not to select me for the position. All my supporting documents and the interview panel's recommendation makes this claim clearly legitimate uncovering managements intent to discriminate not to preclude the prohibited personnel practices conducted.

It should also be noted that I'm having the entire investigative report reproduced to add as supporting documentation that I've been subject to continued harassment and prohibited personnel practices have been conducted against me.

KEITH B. PIERCE