

**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
Washington DC 20420

APR 1 4 2005

<u>CERTIFIED MAIL AND REGULAR MAIL</u>     In reply refer to: 08D

Mr. Keith B. Pierce


SUBJECT: Partial Acceptance of your EEO Complaint Case No. 2004-0688-2005100735, filed January 5, 2005, filed against Officials of the VA Medical Center, Washington, D.C.

On December 6, 2004, you initiated contact with an EEO Counselor. Counseling concluded on January 5, 2005, when you were mailed via certified mail, your Notice of Right to File a Discrimination Complaint letter which you received on January 5, 2005. On January 5, 2005, you filed a Complaint of Discrimination, VA Form 4939.

Your Complaint of Discrimination raises the following claims:

**Claim: A - Non-Selection**

Whether on the bases of **age (DOB: 05-18-1955), race (Black), reprisal (prior EEO activity), and disability (physical/unknown)** when:

1. On April 1, 2004, the complainant was not selected for the position of Program Specialist, GS-301-13, announcement no. MCD 04-23.
2. On July 12, 2004, the complainant was not selected for the position of Program Specialist (Lead Patient Advocate) GS-301-12/13, announcement no. MCD 04-35.
3. On October 21, 2004, the complainant was not selected for the re-announced position of Program Specialist (Lead Patient Advocate) GS-301-13, announcement no. MCD 04-35A.

**Claim B – Reassignment (Detail)**

Whether on the bases of **age (DOB: 05-18-1955), race (Black), reprisal (prior EEO activity), and disability (physical/unknown)**, on January 23, 2004, Ms. Terry Ross (Executive Officer), denied his request to be temporarily detailed into the Lead Patient Advocate position.

**Claim C - Harassment**

Whether on the bases of **age (DOB: 05-18-1955), race (Black), reprisal (prior EEO activity) and disability (physical/unknown)**, the complainant was subjected to harassment when:



Page 2.

Mr. Keith B. Pierce

    1. On June 24, 2004, and July 12, 2004, the complainant alleged that Ms. Terry Ross (Executive Officer) informed him that there were five other candidates for the Program Specialist, GS-13 (Lead Patient Advocate) position that were very highly qualified and stated that it would be very difficult for him.

    2. On September 14, 2004, the complainant alleged that Ms. Terry Ross (Executive Officer) practiced pre-selection when she advised an applicant (Tracy Lee) to submit an application for the Lead Patient Advocate, GS-13 position, after the vacancy announcement closed.

    3. During the period of January 21 – 23, 2004, Mr. Sanford Garfunkel (Facility Director) denied the complainant's request for travel reimbursement for his attendance at the Society for Healthcare Consumer Advocacy (SHCA) Conference on January 9-11, 2004.

With regard to the claims as stated in paragraph 2, **Claims A (1) (2), B, & C (1) (2) (3)** above, EEO regulations require that an "aggrieved" person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory, or, in the case of a personnel action, within 45 days of the effective date of the action "Authority 29 C.F.R. 1614.105 (a) (1). These regulations further provide that this time limit may be extended if the complainant (1) was not notified of the time limit and was otherwise unaware of it, or (2) did not know and reasonably should not have known that the discriminatory incident or personnel action occurred, or (3) despite due diligence, was prevented by circumstances beyond control from contacting the counselor within the time limit, or (4) for other reasons considered sufficient by the agency or the Commission. Authority 29 C.F.R. 1614.105 (a) (2). The regulations further provide that the agency shall dismiss a complaint that fails to comply with this time limit.

Upon review of the records related to **Claims A (1) (2), B, & C (1) (2) (3)**, it shows that you initially contacted an EEO counselor on December 6, 2004 for informal counseling wherein you raised claims of non-selection that occurred on April 1, 2004 & July 12, 2004, a claim related to reassignment that occurred on January 23, 2004, and claims a claim of harassment wherein the incidents occurred during the period of January 21 – 23, 2004, June 24, 2004, July 12, 2004, and on September 14, 2004. The dates for the incidents listed occurred more than 45 days beyond the initial date of your contact with an EEO counselor. You submitted documentation which gave the following reasons for your failure to contact an EEO counselor within 45 days: a). your intention was to ultimately obtain the position through the merit promotion system. B). HR informed you that the position for the Program Specialist (Lead Patient Advocate) would be posted for outside consideration, so you waited and applied a second time.

Your response(s) did not provide an adequate explanation for the delay in filing **Claims A (1) (2) B & C (1) (2) (3)**. Therefore, it is my decision to <u>**DISMISS**</u> **Claims A**

Mr. Keith B. Pierce

(1) (2) B & C (1) (2) (3) for failure to seek counseling within 45 days of the alleged incident of discrimination limits under 29 C.F.R. 1614.105 (a) (2).

There is no immediate right to appeal the dismissed portion(s) of your complaint, and the dismissed claims will not be investigated. You will have the right to appeal the partial dismissal once final action is taken by the agency on the remainder of the complaint. You may, however, submit a written statement directly to our office concerning our articulation of the claims raised in your complaint, outlining your disagreement with our partial dismissal of your complaint.

Based on the above, the complaint as stated below **Claim A (3)** has been **ACCEPTED** for investigation and further processing as follows:

> **Whether on the bases of age (DOB: 05-18-1955), race (Black), reprisal (prior EEO activity), and disability (physical/unknown)**, on October 21, 2004, the complainant was not selected for the re-announced position of Program Specialist (Lead Patient Advocate) GS-301-13, announcement no. MCD 04-35A.

If you believe that the accepted claim is improperly formulated, incomplete, or incorrect, notify this office within **7 calendar days** of receipt of this letter, in writing or by fax, to state your disagreement. If you submit a written statement, it will be included as part of the official record in your complaint file. If you do not contact this office within **7 calendar days**, it will be assumed that the claim is correctly stated.

The accepted claim will be assigned to an impartial investigator under the supervision of the Office of Resolution Management (ORM). The investigator will contact you directly in order to obtain information or evidence you may wish to offer. The investigation must be completed within **180 calendar days** of the filing of your complaint. You will be provided with a copy of the investigative file upon completion and you will be advised, in writing, of your right to request a Final Agency Decision (FAD) from the Office of Employment Discrimination Complaint Adjudication (OEDCA), or a hearing by an Administrative Judge appointed by the Equal Employment Opportunity Commission (EEOC).

If the investigation has not been completed within the 180 calendar day time limit, regulations permit the agency and the complainant to agree, in writing, to extend the investigative period for not more than 90 calendar days. ORM will make every good faith effort to complete the investigation within the prescribed period. However, where workload demands make it impossible to complete a timely investigation, we will work with you to seek mutual agreement to extend the period so that the investigation can be completed before you seek an EEOC hearing or a FAD from OEDCA.

Page 4.

Mr. Keith B. Pierce

If you do not receive a copy of the investigative file within 180 calendar days of the date you filed your formal complaint of discrimination, you have the right to request EEOC to appoint an administrative judge to conduct a hearing on your complaint without waiting further. You may not, request a hearing before the 181st day, unless you receive the investigative file sooner. Address request for EEOC to appoint an administrative judge to hear your complaint to:

>**Equal Employment Opportunity Commission**
>**Washington Field Office**
>**1801 L. St., NW., Suite 100**
>**Washington, DC  20507-1002**

A copy of your request for a hearing to EEOC must be sent to this office at the following address:

>**Department of Veterans Affairs**
>**Office of Resolution Management (08D)**
>**810 Vermont Avenue, NW**
>**Washington, DC  20420**

You are required to certify to the EEOC Administrative Judge that you sent a copy of the request for a hearing to the Office of Resolution Management at the above address. Use the enclosed "Hearing Request Form" to make your request.

If you request a FAD, it will be rendered by VA's Office of Employment Discrimination Complaints Adjudication (OEDCA), in Washington, DC. The FAD will address all claims in your complaint, including the rationale for dismissing a portion of your complaint. A finding will be made on the merits of the remainder of your complaint. At that time, you may appeal the FAD to the EEOC if you are dissatisfied with the decision, including the portion of your complaint that has been dismissed. OEDCA will provide you with specific information regarding your appeal rights following its FAD including your right to file a civil action in an appropriate United States district court. Address your request for a FAD without a hearing should be addressed to:

>**Department of Veterans Affairs**
>**Office of Resolution Management**
>**810 Vermont Avenue, NW**
>**Washington, DC  20420**
>**ATTN: Vanessa A. Deal, EEO Intake Specialist**

Your request for a FAD will be immediately sent to OEDCA, along with a copy of the investigative file and our request that OEDCA render a final decision on your complaint.

Page 5.

Mr. Keith B. Pierce

If you have not received a copy of the investigative file within 180 calendar days of the date you filed your formal complaint, and you do not wish to have a hearing, you have the right to file a civil action in an appropriate United States district court. If you file a civil action, the court may, at its discretion and upon your request, appoint an attorney to represent you, if you do not have or cannot afford the services of one. The court may also authorize the civil action to begin without payment of fees, costs, or other security. Finally, if you decide to file a civil action, you must name **R. James Nicholson, Secretary of Veterans Affairs** as the defendant. Failure to provide the name and official title of the Secretary of the Department may result in the dismissal of your case.

You must keep this office advised of **any** change of address. Failure to do so could lead to dismissal of your complaint. You must also immediately advise this office, in writing, of the name, address, and telephone number of any person you may choose to represent you in this matter. Copies of all subsequent actions on your complaint will be mailed or delivered to your representative, with copies to you, unless you advise us in writing that you are no longer represented by that individual.

A goal of the EEO process is to achieve a mutual resolution of complaints of discrimination. Resolution may occur at any stage and we encourage the parties involved to explore resolution or to use the Alternative Dispute Resolution (ADR) process. If you want to use the ADR process, my staff will be available to assist you.

If you have any questions, please contact Vanessa A. Deal, EEO Intake Specialist, at (202) 501-2947 or by fax (202) 501-2947.

*for Thomas J. Maddux*
Waltrunette M. Gardner
Regional EEO Officer

Enclosure
Hearing Request Form