### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KEITH PIERCE** | : | |
| | : | |
| | : | |
| Plaintiff | : | **Civil Action No.** 05-01989 (RMU) |
| v. | : | |
| **R. JAMES NICHOLSON, Secretary,** | : | |
| **U.S. Department. of Veterans' Affairs, .**: | | |
| | : | |
| | : | |
| Defendant | : | |

**Answer to Show Cause Order**

COMES NOW, the Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C., answers this court's show cause order. In support thereof, the Plaintiff's Counsel states as follows: First I would like to apologize to the court. I did not proffer my being a solo practitioner or work on other cases with the intention of being boastful, arrogant or disrespectful to the court. As a member of the bar, my recommendation for the court on how to handle matters like this in the future would be to address them just as the court has done thus far. Every case is different and should be handled on a case by case basis.

I would like to remind this court that this case was on a normal course until March 26, 2006. That was the day that I was stabbed and almost killed by an unknown assailant in Washington, DC, who still has not been apprehended. I was treated at

Howard University Hospital. As this court may recall on March 27, 2007 my office filed an emergency consent motion informing this court of what had occurred. I had to take off work for about a month. As you may understand being off of work for a month affected my case load and my calendar. Moreover, a month after my return, my associate left the firm to take a non legal position, and my two law clerks who had been with me for two years left six months apart to take out of state positions after their bar results. Truly this has not been a normal past 12 months. I have be lead counsel in 79 cases before this court and I have never been sanctioned. I am hopeful that this court will look at the totality of the circumstances and not sanction me.

    I would like to stress that the filing of my motion was not an attempt to treat this court's deadlines with disrespect or cavalierly. Nor was counsel attempting to abuse the judicial process. Plaintiff counsel consented to Defense Counsel request to amend the scheduling order to change the summary judgment deadline which pushed back the deadline for summary judgment. Defense counsel then filed a motion to push back the summary judgment deadline again which was opposed by Plaintiffs' counsel and granted by the court. The new opposition date was now due during the same time as other summary judgment motions in my other cases. I thought that I could have them all done at the same time and tied to do them but realized that I could not. Once I realized it, which was after the four day window in the Court's Order, I called Defense Counsel and he consented to the motion for extension of time. I know now that I should have filed the motion as soon as I saw that the new opposition date would be during the same time frame as my other motions. I apologize for that. It will not happen again.

As this Court knows, any counsel who files an Opposition to a Motion for Summary Judgment must first see the filed Motion for Summary Judgment and address the substance, arguments and evidence presented in that motion. Once the motion is filed, the clock start of run for the opposition to be filed. Plaintiff cannot prepare for a summary judgment motion until it is filed. There was no way I could prepare for arguments that had not been made. Defense counsel filed a substantial motion with 40 exhibits. As evidenced by Plaintiff's Opposition to Defendant's to Dismiss or in the Alternative Motion for Summary Judgment, Counsel filed in this case, I did not file the motion for lack of preparation in this case. This was Plaintiff's Counsel's first and only request for additional time to file an Opposition to Defendant's Motion for Summary Judgment.

I have been licensed to practice law and in good standing in this court since May 15, 2000. I have tried numerous bench trials and jury trials as sole counsel in state courts and in United States District Courts. My most recent jury trial was in March 2007 in the Circuit Court for Prince Georges County, Maryland, <u>Christian v. Legends Night Club</u> CAL 05-13190. My most recent federal trial was in the United States District Court of Maryland in December 2006, <u>International Nite life Enterprises, Inc. v Jack Johnson</u>, Case No. 06-cv-2581 (PJM). My most recent trial in the United States District Court for the District of Columbia was in March 2005, <u>LYNCH v. WEST PUBLISHING CORPORATION</u> 03-cv-02489-RMC.

Truly this has not been a normal past 12 months. I have be lead counsel in 79 cases before this court and I have never been sanctioned. I am hopeful that this court will look at the totality of the circumstances and not sanction me.

Respectfully Submitted,

_____/s/_____

Jimmy A. Bell, Esq.

Law Office of Jimmy A. Bell, P.C.

9610 Marlboro Pike

Upper Marlboro, Maryland 20772

Telephone: (301) 599-7620

Fax: (301) 599-7623

Bar # MD 14639