## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**KEITH PIERCE**                                           :
                                                          :
                                                          :     Case No: 05-01989 (RMU)
         Plaintiff,                                        :
                                                          :
v.                                                        :
                                                          :
**R. JAMES NICHOLSON**                                    :
                                                          :
                                                          :
                                                          :
         Defendant.                                       :
_____ :

## PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON NEWLY DISCOVERED EVIDENCE

COMES NOW, Plaintiff, Keith Pierce, pursuant to Federal Rule of Civil

Procedure 56(c), and by and through counsel Jimmy A. Bell Esq. and the Law Office of

Jimmy A. Bell, P.C., and hereby presents this Motion for Leave to Supplement Plaintiff's

Opposition to Defendant's Motion for Summary Judgment with Newly Discovered

Evidence.

For cause, Plaintiff states the following:

 1. Federal Rule of Civil Procedure 56 (c) provides that an adverse party may,

prior to the day of hearing, serve opposing affidavits in support of its opposition.

2. On April 9, 2007, Defendant filed its Motion to Dismiss, or in the Alternative,

for Summary Judgment.

3. Plaintiff filed his Opposition on May 14, 2007.

4. On June 8, 2007, Defendant filed its Reply to Plaintiff's Opposition to

Defendant's Motion for Summary Judgment.

5.  This Court has not set a hearing date on Defendant's Motion for Summary Judgment.

6.  Plaintiff recently learned that Ms. Dee Dee Chavers had information pertinent to Plaintiff's instant case.  Ms. Chavers has since provided Plaintiff with a statement regarding her knowledge of Plaintiff's non-selection.

7.  According to Ms. Chavers, Mr. Brandon Bentley stated that Plaintiff was the best qualified person for the position at issue.  Although Mr. Martin Wiseman and Ms. Michelle Spivak agreed with Mr. Bentley, Ms. Terry Ross stated numerous times, "But we don't want him."  Exhibit A, Statement of Dee Dee Chavers.

8.  Ms. Chavers' statement further demonstrates that a genuine issue of material fact exists as to Plaintiff's claims of non-selection, whether Plaintiff was the best qualified candidate, and Defendant's reasons for failing to select Plaintiff for the position at issue. Id.

9.  Moreover, Ms. Chavers' statement demonstrates that Defendant's reasons for failing to select Plaintiff are but pretext for illegal discrimination.

10.  Specifically, Defendant maintains that Plaintiff was not selected because Plaintiff was not the best qualified candidate, See generally, Defendant's Motion for Summary Judgment; Defendant's Reply, however, Ms. Chavers' statement directly contradicts Defendant's assertions.   Ms. Chavers specifically stated that:

> During the time Mr. Pierce interviewed for the Director of
> Patient Advocate position, I was in the Director's suite
> making copies when Mr. Brandon Bentley, Mr. Martin
> Wiseman, Ms. Terry Ross, and Ms. Michelle Spivak exited
> the Associate Director's Office discussing Mr. Pierce's
> performance during the interview.  Mr. Bentley spoke very
> confidently and positively of Mr. Pierce, his credentials, the
> fact that Mr. Pierce is a veteran who understands veterans'

issues and Mr. Pierce being the best qualified person for the job. Everyone in the group, except Ms. Ross, nodded affirmatively. As Mr. Bentley continued to speak and the group walked passed me, Ms. Ross said more than once "but we do not want him." I did not come forward with this statement earlier for many reasons: firstly, I was not aware that Mr. Pierce filed a complaint (for non-selection). Secondly, when I learned Mr. Pierce had, in fact, filed a complaint I was reluctant to share what I heard because leaders in this agency have a history of reprisal and I did not want to be the recipient of their acrimony. I still do not, but after much consideration, I decided to set my fears aside and do the right thing. Exhibit A.

11. Plaintiff can establish pretext "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas v. Burdine*, 450 U.S. at 256, 101 S.Ct. 1089. Plaintiff "must show that the explanation given is a phony reason." *Fischbach v. D.C. Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C.Cir.1996) (internal quotations omitted).

12.    In the instant case, although Defendant asserts that Plaintiff was not the best qualified candidate, Ms. Chavers' statement demonstrates that said reason is not a credible, trustworthy one. Ms. Chavers' specifically points out that following Plaintiff's interview, Mr. Bentley stated that Plaintiff was, in fact, the best qualified candidate. Ms. Spivak and Mr. Wiseman agreed with this statement. Ms. Ross did not dispute Mr. Bentley's statement, but only stated "we do not want him." This direct contradiction illustrates that Defendant's alleged non-discriminatory reasons cannot be believed and are but pretext for illegal discrimination.

13.    Plaintiff has provided Defendant with a copy of Ms. Chavers' statement

and Defendant does not consent to the instant Motion.  Defendant would not be

prejudiced by the granting of this Motion.

14.    If this Court were to rule on Defendant's Motion without taking this newly

discovered evidence into consideration, Plaintiff would be forced to move for

reconsideration based on Ms. Chavers' statement, which was just recently brought to the

attention of Plaintiff.

WHEREFORE, Plaintiff requests that this Court grant Plaintiff's Motion for

Leave to Supplement Plaintiff's Opposition to Defendant's Motion to Dismiss, or, in the

Alternative, for Summary Judgment.

Respectfully submitted,

_____

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (Fax)
Counsel for the Plaintiff
Bar No. 14639