UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH PIERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1989 (RMU) |
| ) | |
| GORDON H. MANSFIELD, Acting ) | |
| Secretary, U.S. Department. of ) | |
| Veterans' Affairs, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT
PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
BASED ON NEWLY DISCOVERED EVIDENCE
AND MEMORANDUM IN SUPPORT THEREOF**

Defendant Gordon H. Mansfield[1], Acting Secretary of the U.S. Department of Veterans' Affairs, through undersigned counsel, respectfully files this Opposition to Plaintiff's Motion for Leave to Supplement Plaintiff's Opposition to Defendant's Motion for Summary Judgment Based on Newly Discovered Evidence.

**INTRODUCTION**

Plaintiff seeks this Court's Leave so he can supplement his Opposition based on newly discovered evidence. Plaintiff's Motion for Leave to Supplement Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Plff. Mot. Supp.") (Pacer Dkt. # 38 ). The evidence consists of a Statement by Ms. Dee Dee Chavers, Program Specialist, Department of

---

[1] On or about October 1, 2007, the former Secretary of Veterans Affairs, R. James Nicholson, resigned from his position and Gordon H. Mansfield became Acting Secretary of Veterans' Affairs. Accordingly, by operation of Fed. R. Civ. P. 25(d), Gordon H. Mansfield, the Acting Secretary of Veterans Affairs, is substituted for R. James Nicholson.

Veterans Affairs ( Exhibit A to Plff. Mot. Supp. ("Chavers Statement")).  Ms. Chavers stated that she overheard a conversation between three members of the rating and ranking panel and selecting official Terry Ross concerning Plaintiff's selection for the position of Director of Patient Advocacy.  Id.  According to Ms. Chavers, the three members indicated that they agreed that Plaintiff was the best qualified candidate for the position while Ms. Ross said "but we do not want him."  Id.  Ms. Chavers stated that she did not provide this statement earlier because she was unaware that Plaintiff had filed a complaint for non-selection and after she had learned about this complaint, she "was reluctant to share what I heard because leaders in this agency have a history of reprisal."  Id.

Plaintiff maintains that the Chavers Statement further supports his contention that summary judgment should be denied because there is an issue of material fact.  Plff. Mot. Supp. at ¶ 8.  He argues that "Ms. Chavers' Statement demonstrates that Defendant's reasons for failing to select Plaintiff are but pretext for illegal discrimination."  Id. at ¶¶ 9, 12.

Plaintiff should not be allowed to supplement his Opposition with the Chavers Statement for several reasons.  Ms. Chavers' Statement is unsworn and hearsay and, therefore, cannot be used to support Plaintiff's Opposition to Defendant's Motion for Summary Judgment.  Also, Plaintiff's attempt to reopen discovery nearly nine months after discovery has closed unfairly prejudices Defendant.

# ARGUMENT

**I.    Plaintiff Should Not Be Allowed to Submit the Chavers Statement Because It is Unsworn.**

Plaintiff asserts that this Court should allow him to supplement his Opposition to Defendant's Motion for Summary Judgment.  He maintains that Rule 56 (c) permits him to submit this statement because that rule provides that an adverse party may, before the day of the hearing, serve opposing affidavits in support of its motion. Plff. Mot. Supp. at ¶ 1.  He notes that this Court has not yet set a hearing date on Defendant's Motion for Summary Judgment. Id. at ¶ 6.  Plaintiff cannot, however, introduce this material under Rule 56 (c) because he has misapplied that rule.

Federal Rule of Civil Procedure 56 (c) states that the adverse party may serve "opposing affidavits" before a hearing on the motion for summary judgment.  Plaintiff cites this rule in support of his Motion for Leave to Supplement Plaintiff's Opposition.  Plff. Mot. Supp. at ¶ 1.  Because Plaintiff is relying on an unsworn statement, not an affidavit, FRCP 56(c) is inapplicable to this case .

Unsworn statements cannot be used to support motions for summary judgment or responses thereto.  See Small v. Lehman, 98 F.3d 762, 764 n. 5 (3d Cir.1996) (concluding that unsworn statements do not meet the requirements of "affidavits" and thus cannot be used to support motions for summary judgment or responses thereto), overruled on other grounds by City of Boerne v. Flores, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997); United States v. All Right, Title & Interest in Real Prop. & Appurtenances, 77 F.3d 648, 657-58 (2d Cir.1996) ("[T]he submission of [an] unsworn letter was an inappropriate response to the ... motion for summary judgment, and the factual assertions made in that letter were properly disregarded by

the court."). A court may not consider unsworn statements when ruling on a motion for summary judgment. Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 969 (6th Cir. 1991) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n. 17, 90 S.Ct. 1598, 1608 n. 17, 26 L.Ed.2d 142 (1970); Gordon v. Watson, 622 F.2d 120, 123 (5th Cir.1980)).

Ms. Chavers' unsworn statement cannot be used to support Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Accordingly, this Court should deny Plaintiff's Motion for Leave to Supplement Opposition.

## II.     Plaintiff Should Not Be Allowed to Reopen Discovery Because His Submission of Evidence is Not Timely and Would Unfairly Prejudice Defendant.

Plaintiff further states that he provided Defendant with a copy of the Chavers Statement and that Defendant would not be prejudiced by the granting of this motion. Plff. Mot. Supp. at ¶ 13. In making the argument, Plaintiff effectively asserts that Defendant will not be unfairly prejudiced if discovery is reopened. Plaintiff's argument ignores both the history of this case and the law regarding summary judgment.

Contrary to Plaintiff's assertion, Defendant would be unfairly prejudiced if Plaintiff were allowed to supplement his Opposition to Defendant's Motion for Summary Judgment. Plaintiff should not be allowed to do so because he did not submit this new evidence in a timely fashion. Discovery closed on January 31, 2007. See January 3, 2007 Minute Order. On April 9, 2007, Defendant filed its Motion to Dismiss, or in the Alternative, for Summary Judgment. Pacer Dkt. # 30. Plaintiff filed his Opposition on May 14, 2007. Pacer Dkt. # 32 & 33[2]. On June 8, 2007, Defendant filed its Reply to Plaintiff's Opposition to Defendant's Motion for Summary

---

[2] Pacer Docket 32 is the Opposition Memorandum entered in error while Pacer Docket 33 represents the corrected refiled version of the Opposition Memorandum.

4

Judgment. Pacer Dkt. # 37. Plaintiff filed this motion on November 2, 2007, nearly five months after Defendant filed its Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Pacer Dkt. 38. Plaintiff, therefore, seeks to introduce new evidence nine months after discovery closed, and nearly five months after Defendant filed its Reply. This extensive delay unfairly prejudices the Defendant.

    This Court is not required to allow the parties unlimited time to engage in discovery before it can enter summary judgment for the moving party. Rule 56(f) provides that a court "may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had" if it "appear[s] from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Fed.R.Civ.P. 56(f). Summary judgment "ordinarily 'is proper only after the plaintiff has been given **adequate** time for discovery.' " <u>Americable Int'l, Inc. v. Department of Navy</u>, 129 F.3d 1271, 1274 (D.C.Cir.1997) (quoting <u>First Chicago Int'l v. United Exch. Co.</u>, 836 F.2d 1375, 1380 (D.C.Cir.1988)(emphasis added)); see <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). A District Court's refusal to allow discovery is reviewed for abuse of discretion. <u>Paquin v. Federal Nat'l Mortgage Ass'n</u>, 119 F.3d 23, 28 (D.C.Cir.1997). Plaintiff's Motion for Leave to Supplement His Opposition to Defendant's Motion for Summary Judgment is, in effect, nothing more than Plaintiff's effort to extend a discovery deadline that already has been extended numerous times.

    This Court extended discovery five times in this case. The initial discovery deadline for the case was for June 21, 2006. Pacer Dkt., Minute Entry of Proceedings, February 21, 2006. On June 19, 2006, the Court granted the first motion to extend discovery in this case (the only

motion to extend discovery filed by Defendant) until August 21, 2006. Pacer Dkt., Minute Order, June 19, 2006. On August 21, 2006, the Court granted Plaintiff's motion to extend discovery to October 23, 2006. Pacer Dkt, Minute Order, August 21, 2006. On October 23, 2006 Plaintiff filed his motion for extension of the discovery period by 30 days but limited discovery to the taking of the depositions of Defendant's corporate representative(s) pursuant to Rule 30(b)(6)[3]. Pacer Dkt. 23. Defendant filed a written opposition to Plaintiff's Motion to Extend discovery. Pacer Dkt.22, 23. On October 25, 2006, the Court granted Plaintiff's Motion to Extend Discovery, but the Court expressed its "displeasure [with] the lengthy discovery period in this matter." Pacer Dkt., Minute Order, October 25, 2006.

Despite the Court's stated concern regarding the progress of discovery in this case, the completion of discovery continued to be delayed. On November 21, 2006, Plaintiff again filed for a thirty day extension of discovery without Defendant's consent. Pacer Dkt. 25. On November 27, 2006, the Court denied the plaintiff's motion for extension of time without prejudice because Plaintiff did not comply with Paragraph 5 of the Court's Standing Order. Pacer Dkt., Minute Order, November 27, 2006. On November 30, 2006, the Court ordered the parties to have a face-to-face discussion to address the remaining discovery issues and to submit a joint report summarizing the results of the discussion. Pacer Dkt., Minute Order November 30, 2006. The Court stated that the discovery deadline should not be extended beyond January 2,

---

[3]Plaintiff had initially filed his Motion for an Extension of Time to Complete Discovery on October 23, 2006. Pacer Dkt. 20. However, he incorrectly included language which stated Defendant had consented to the Motion. Pacer Dkt. 20, 22, & 24. Defendant noted this inaccurate representation in his opposition to Plaintiff's Motion for Extension of Discovery. Pacer Dkt. 22. Plaintiff filed an Amended Motion for an Extension of Time to Complete Discovery on October 24, 2006 (Pacer Dkt. 23) and a Notice of Withdrawal of Motion for Extension to Complete Discovery (Pacer Dkt. 24).

2007.  Following a Consent Motion for Extension of Time to Complete Discovery (Pacer Dkt. 27), the Court entered a Minute Order extending the discovery deadline to January 31, 2007.  Pacer Dkt.  January 3, 2007 Minute Order.  Id.  This final deadline of January 31, 2007 was the fifth extension of the discovery deadline in this case.  It was more than seven months after the initial discovery deadline of June 21, 2006 and more than eleven months after the parties held their initial status conference on February 21, 2006.  Pacer Dkt. February 21, 2006 (Minute Entry of Proceedings held before Judge Ricardo M. Urbina: Status Hearing held on 2/21/2006).

   Despite being allowed more than adequate time for discovery in this case, Plaintiff did not produce the Chavers Statement in response to Defendant's Request for Production of Documents.  See Exhibit 1, Plaintiff's Responses to Defendant's Requests for Production ("Plff. Resp.").  Ms. Chavers' Statement clearly is responsive to Request No. 7 which asks "Please produce each and every document that substantiates the allegations contained in the Complaint and indicate to which paragraph in the Complaint the documents relate."  Plaintiff obviously expects the Chavers Statement to support the allegation in his Complaint that "Defendant failed to select plaintiff for the Lead Patient Advocate position even though he was qualified for the position and had applied for the position."  Compl. ¶ 12.

   Defendant had no indication before the close of discovery that Ms. Chavers had any discoverable information.  Indeed, Defendant did not hear about the Chavers Statement until Plaintiff's counsel informed Defendant's counsel about the statement on September 12, 2007.  Defendant promptly informed Plaintiff's counsel that he would oppose Plaintiff's Motion for Leave to Supplement his Opposition.  Still, Plaintiff did not file his motion until November 2,

2007, nearly two months after Defendant's counsel communicated his opposition to Plaintiff's counsel.

The delay in Plaintiff's production of the Chavers Statement and the subsequent delay in his filing of the Motion to Supplement unfairly prejudices Defendant in several significant ways. The events surrounding Plaintiff's non-selection occurred in 2004. Defendant had no information suggesting that Ms. Chavers had any discoverable information until September 12, 2007 when Plaintiff's counsel produced it. At the time of receiving this information, Defendant already had submitted both its motion and reply based on the facts obtained during a lengthy discovery period. An eleventh hour attempt to introduce materials outside of the discovery period set by the Court disrupts the reliance on the information produced during the prescribed discovery. See Innova/Pure Water, Inc. v. Safari Water Filtration, Inc., 381 F.3d 1111, 1124 (Fed. Cl. 2004) (citing Lowe's Home Ctrs., Inc. v. Olin Corp., 313 F.3d 1307, 1314-15 (11th Cir.2002)) ("[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend [the complaint] following the close of discovery, past the deadline for amendments, and past the deadline for filing dispositive motions."). Efficiency and judicial economy require that discovery periods be closed so that the dispute may be resolved in a timely fashion. The Federal Rules of Civil Procedure "are to be construed to secure the just, speedy and inexpensive determination of civil actions." Michaud v. Rogers, 1 F.R.D. 722, 723 (S.D.N.Y. 1941) (internal quotation marks omitted). "Lawsuits are not timeless or aeonian, and although aging is not an altogether unhappy process, it is not a desirable aspect of judicial proceedings. All things must end- even litigation." Southern Rambler Sales, Inc. v. American Motors Corp., 375 F.2d 932, 938 (5th Cir. 1967). The extensive discovery period provided the parties with ample

opportunity to locate all witnesses and information necessary to support their claims and defenses in this case. Plaintiff's tardy attempt to supplement his Opposition with an unsworn statement unfairly prejudices Defendant.

## CONCLUSION

For the above reasons, Defendant's Motion for Leave to Supplement Plaintiff's Opposition to Defendant's Motion for Summary Judgment Based on Newly Discovered Evidence should be denied.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, DC Bar #489610
United States Attorney

/s/
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/
ALEXANDER D. SHOAIBI,  Bar #423587
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 Fourth Street, N.W. – Room E-4218
Washington, D.C. 20530
(202) 514-7236

Counsel for the Defendant

December 11, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2007, I caused the foregoing Defendant's Opposition to Plaintiff's Motion for Leave to Supplement Plaintiff's Opposition to Defendant's Motion for Summary Judgment Based on Newly Discovered Evidence And Memorandum in Support Thereof, and proposed order by the Electronic Case Filing system or, if this means fails, then by mail, postage prepaid, addressed as follows:

**Jimmy A. Bell, Esq.**
**Law Office of Jimmy A. Bell, Esq.**
**9610 Marlboro Pike**
**Upper Marlboro, Maryland 20772**

/s/
ALEXANDER D. SHOAIBI,  DC Bar # 423587
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 Fourth Street, N.W. -- Room E-4218
Washington, D.C. 20530
(202) 514-7236