IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEITH PIERCE** : | |
| : | |
| : | Case No: 05-01989 (RMU) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **R. JAMES NICHOLSON** : | |
| : | |
| : | |
| : | |
| Defendant. : | |
| : | |

**PLAINTIFF'S REPLY TO DEFENANT'S OPPOSITION TO PLAINITFF'S MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON NEWLY DISCOVERED EVIDENCE**

COMES NOW, Plaintiff, Keith Pierce, pursuant to Federal Rule of Civil Procedure 56(c), and by and through counsel Jimmy A. Bell Esq. and the Law Office of Jimmy A. Bell, P.C., and hereby presents this Reply to Defendant's Opposition to Plaintiff's Motion for Leave to Supplement Plaintiff's Opposition to Defendant's Motion for Summary Judgment with Newly Discovered Evidence.

ARGUMENT

**I.     PLAINTIFF'S MOTION MUST BE GRANTED AS PLAINTIFF'S STATEMENT IS BASED ON PERSONAL KNOWLEDGE AND PLAINTIFF HAS ATTACHED A SWORN COPY OF MS. CHAVERS' STATEMENT.**

Federal Rule of Civil Procedure 56 (c) provides that an adverse party may, prior to the day of hearing, serve opposing affidavits in support of its opposition. Federal Rule of Civil Procedure 56(e) specifies the form affidavits must take when employed in summary judgment proceedings and requires that they be made on personal knowledge,



setting forth such facts as would be admissible in evidence. <u>Hatcher-Capers v. Haley</u>, 762 F. Supp. 393 (D.D.C. 1991); <u>see</u> <u>also</u>, <u>Ritz v. O'Donnell</u>, 185 U.S. App. D.C. 66, 566 F.2d 731 (D.C. Cir. 1977). "[W]hat the witness represents as his knowledge must be an impression derived from the exercise of his own senses…" <u>SEC v. First City Financial Corp.</u>, 688 F. Supp. 705, 720 (D.D.C., 1988), <u>quoting</u>, II Wigmore, Wigmore on Evidence §§ 657 at 889 (1979 ed.); 3 Weinstein, Weinstein's Evidence, § 602 (1987 ed.); 10 Moore, Moore's Federal Practice, § 602 (1988 ed.). Here, Ms. Chavers' statement clearly meets the requirements of Rule 56(e) because Ms. Chavers' statements are based on her personal observations of the selection officials after Plaintiff's interview and could be used to rebut any evidence offered by Defendant regarding its reasons for failing to select Plaintiff. Importantly, Defendant does not, nor can it assert that Ms. Chavers' statements are not based on personal knowledge. Instead, Defendant argues that this Court should not consider Ms. Chavers' statement because it is unsworn, as originally attached to Plaintiff's Motion for Leave, Defendant does not cite a single case from this Circuit in support of this contention. However, Defendant's arguments are moot as Plaintiff as attached a sworn statement to his Reply. <u>Exhibit A</u>.

As Ms. Chavers' statement meets the requirements of Rule 56(e), Rule 56 (c) allows an adverse party to serve opposing affidavits prior to a summary judgment hearing, with no such hearing having been scheduled in the instant case, and Plaintiff has attached a sworn statement to its Reply, this Court must grant Plaintiff's Motion for Leave to Supplement its Opposition to Defendant's Motion for Summary Judgment.

    II.    **BECAUSE PLAINTIFF PROVIDED DEFENDANT WITH MS. CHAVERS' STATEMENT WHEN PLAINTIFF OBTAINED IT, PLAINTIFF WAS NOT AWARE OF MS. CHAVERS' STATEMENT**

2



**PRIOR TO ITS RECEIPTS AND NO HEARING HAS BEEN SCHEDULED REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, THIS COURT MUST GRANT PLAINTIFF'S INSTANT MOTION.**

On April 9, 2007, Defendant filed its Motion to Dismiss, or in the Alternative, for Summary Judgment, after moving for an extension to file said motion on February 28, 2007. Plaintiff filed his Opposition on May 14, 2007. On June 8, 2007, after twice moving for an extension of time to file its Reply, Defendant filed a Reply to Plaintiff's Opposition of its Motion for Summary Judgment. This Court has not set a hearing date regarding the pending Motion for Summary Judgment.

During the end of August, Plaintiff received Ms. Chavers' statement while on vacation. During the beginning of September, Plaintiff shared this information with Defendant and informed Defendant of Plaintiff's intention to move for leave to supplement his opposition based on said newly discovered information. See Exhibit B, Email from Jimmy A. Bell to Defense Counsel dated September 12, 2007. As Ms. Chavers' statement makes clear, there was not any way Plaintiff could have discovered said information sooner, as Ms. Chavers' purposely kept the information to herself for fear of reprisal by Defendant. Exhibit A. Thus, having no knowledge that Ms. Chavers had discoverable information, Plaintiff could not have provided any information regarding Ms. Chavers to Defendant as Plaintiff himself was just made aware that Ms. Chavers held such information at the end of August. Moreover, Plaintiff has not sought to re-open discovery, as Defendant argues. Plaintiff only asks that he be able to supplement his Opposition to Defendant's Motion for Summary Judgment with newly discovered evidence that tends to refute Defendant's arguments as made in its Motion for Summary Judgment.



According to Ms. Chavers, Mr. Brandon Bentley stated that Plaintiff was the best qualified person for the position at issue.  Although Mr. Martin Wiseman and Ms. Michelle Spivak agreed with Mr. Bentley, Ms. Terry Ross stated numerous times, "But we don't want him."  <u>Exhibit A</u>.  Ms. Chavers' statement demonstrates that a genuine issue of material fact exists as to Plaintiff's claims of non-selection, specifically, whether Plaintiff was the best qualified candidate, and Defendant's reasons for failing to select Plaintiff for the position at issue. <u>Id.</u>  Moreover, Ms. Chavers' statement demonstrates that Defendant's reasons for failing to select Plaintiff are but pretext for illegal discrimination.  Specifically, Defendant maintains that Plaintiff was not selected because Plaintiff was not the best qualified candidate, <u>See</u> <u>generally</u>, <u>Defendant's Motion for Summary Judgment</u>; <u>Defendant's Reply</u>, however, Ms. Chavers' statement directly contradicts Defendant's assertions.   Ms. Chavers stated that:

> During the time Mr. Pierce interviewed for the Director of Patient Advocate position, I was in the Director's suite making copies when Mr. Brandon Bentley, Mr. Martin Wiseman, Ms. Terry Ross, and Ms. Michelle Spivak exited the Associate Director's Office discussing Mr. Pierce's performance during the interview.  Mr. Bentley spoke very confidently and positively of Mr. Pierce, his credentials, the fact that Mr. Pierce is a veteran who understands veterans' issues and Mr. Pierce being the best qualified person for the job.  Everyone in the group, except Ms. Ross, nodded affirmatively.  As Mr. Bentley continued to speak and the group walked passed me, Ms. Ross said more than once "but we do not want him."  I did not come forward with this statement earlier for many reasons: firstly, I was not aware that Mr. Pierce filed a complaint (for non-selection).  Secondly, when I learned Mr. Pierce had, in fact, filed a complaint I was reluctant to share what I heard because leaders in this agency have a history of reprisal and I did not want to be the recipient of their acrimony.  I still do not, but after much consideration, I decided to set my fears aside and do the right thing. <u>Exhibit A.</u>

4



Plaintiff can establish pretext "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas v. Burdine*, 450 U.S. at 256, 101 S.Ct. 1089. Plaintiff "must show that the explanation given is a phony reason." *Fischbach v. D.C. Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C.Cir.1996) (internal quotations omitted). In the instant case, although Defendant asserts that Plaintiff was not the best qualified candidate, Ms. Chavers' statement demonstrates that said reason is not a credible, trustworthy one. Ms. Chavers' specifically points out that following Plaintiff's interview, Mr. Bentley stated that Plaintiff was, in fact, the best qualified candidate. Ms. Spivak and Mr. Wiseman agreed with this statement. Ms. Ross did not dispute Mr. Bentley's statement, but only stated "we do not want him." This direct contradiction illustrates that Defendant's alleged non-discriminatory reasons cannot be believed and are but pretext for illegal discrimination.

Accordingly, because Ms. Chavers' statement is necessary to Plaintiff's Opposition of Defendant's Motion for Summary Judgment as it contradicts Defendant's proffered reasons for non-selection, Plaintiff provided Defendant with said statement as soon as Plaintiff received said statement, and Plaintiff could not have discovered said information during discovery, this Court must grant Plaintiff's instant Motion and allow Plaintiff to supplement his Opposition based on this newly discovered evidence.

## CONCLUSION

For the above stated reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to Supplement Plaintiff's Opposition to Defendant's Motion for Summary Judgment with Ms. Chavers' newly discovered statement.



6

        Respectfully submitted,


        _____
        Jimmy A. Bell, Esq.
        Law Office of Jimmy A. Bell, P.C.
        9610 Marlboro Pike
        Upper Marlboro, MD 20772
        (301) 599-7620
        (301) 599-7623 (Fax)
        Counsel for the Plaintiff
        Bar No. 14639


created using BCL easyPDF Printer Driver
Click here to purchase a license to remove this image